CASE 42—PETITION EQUITY—JANUARY 14.

# Chenowith vs. Fielding.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Persons are not incompetent as witnesses merely because they are parties to the action; but if they are parties to the issue, then they are incompetent to testify either in their own favor or in favor of those united with them in the issue; or, if they are not parties to the issue, yet if they are interested in it, whether they are parties to the action or not, they are also incompetent to testify in their own favor.

2. That a person is a party to the issue, of itself renders him incompetent to testify either for himself or in behalf of those who are united with him in the issue, and his competency does not depend upon the question of interest.

3. Defendants who rely upon the same matters of defense, although by separate answers, are parties to the issue, and one cannot testify in behalf of the other, even where not incompetent on the score of interest.

A. M. STOUT, for appellant, cited 17 *B. Mon.*, 143 ; *Civil Code, secs.* 439, 588, 652 ; 18 *B. Mon.*, 128 ; *Rev. Stat., chap.* 36, *p.* 323.

W. T. HAGGIN for appellee.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

Numerous objections have been made to the regularity of the proceedings of the chancellor in this case ; but as they do not affect the substantial rights of the appellant, unless the witness, Penton, was rendered competent by the means resorted to for that purpose, the competency of this witness is the first question that we will consider.

The appellee, Fielding, sold and conveyed a lot of ground, in the city of Louisville, to Morrison, and in the deed stated the amount of the purchase money which remained unpaid, so as to reserve a lien on the property to secure its payment. Morrison sold and conveyed the same lot to Chenowith, and he sold and conveyed it with warranty to the witness, Penton.

This action was brought by Fielding to enforce his lien as vendor, and Chenowith and Penton being defendants, filed separate answers, but presenting substantially the same defense. They both denied the plaintiff's right to subject the property to the payment of his debt, and insisted that he had waived his lien, or, at least, had acted in such a manner as to create an equitable estoppel to its assertion. Penton also made his answer a cross bill against Chenowith, his vendor, claiming indemnity in the event the plaintiff succeeded in the enforcement of his lien.

To render Penton competent as a witness to prove the acts of the plaintiff which were relied on to create the estoppel, Chenowith paid into court one thousand dollars as indemnity to his vendee, Penton, which was accepted as such by the latter, who, thereupon, dismissed the cross bill which he had filed against his vendor.

The sum paid into court by Chenowith was sufficient to discharge Fielding's debt and costs, and also to pay the costs incurred by Penton, so that it furnished him with a complete

indemnity, even if the plaintiff succeeded in the action. He had no interest, therefore, in its result, and was a competent witness, unless rendered incompetent on some other ground than that of interest.

By the Civil Code the following persons, among others, are declared to be incompetent to testify, viz : "Persons interested in an issue in behalf of themselves, and parties to an issue in behalf of themselves or those united with them in the issue." To render this provision perfectly intelligible, it should be read as follows : Persons interested in an issue are incompetent to testify in behalf of themselves; and parties to an issue are incompetent to testify in behalf of themselves or those united with them in the issue. Persons are not incompetent as witnesses merely because they are parties to the action; but if they are parties to the issue, then they are incompetent to testify, either in their own favor or in favor of those united with them in the issue; or, if they are not parties to the issue, yet if they are interested in it, whether they are parties to the action or not, they are also incompetent to testify in their own favor.

Under the operation of this provision the competency of a party to an issue to testify in behalf of himself or those united with him in the issue, does not depend upon the question of interest; but the fact that he is a party to the issue, of itself renders him incompetent to testify, either for himself or in behalf of those who are united with him in the issue. This is the rule prescribed by the Code, and all we have to do is to adopt and enforce it, without instituting an inquiry into its reason or policy.

The witness, Penton, was a party to the issue between Chenowith and the plaintiff. He and Chenowith relied upon the same matters of defense, although they answered separately. Their answers presented the same identical issue, and made them both parties thereto, as much so as if they had answered jointly.

Consequently, as Penton was a party to the issue, he was incompetent to testify, either in his own favor or in behalf of Chenowith, who was united with him in the issue.

The refusal of the chancellor to permit the deposition of Penton to be retaken, did not, therefore, operate to the prejudice of the appellant, nor was he prejudiced by the chancellor's decision in overruling his motion for a rehearing, inasmuch as the avowed object of a rehearing, if obtained, was to retake Penton's deposition and have the benefit of his testimony on the next trial.

Wherefore, the judgment is affirmed.